UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 JAN 21 P 1:14

U.S. DISTRICT COURT
DISTRICT OF MASS

HEATHER GAUTHIER,

**Plaintiff**

vs.

RICKY SANTIAGO, a CITY OF LAWRENCE POLICE OFFICER In his Individual and Official Capacities, SEVERAL OTHER UNKNOWN OFFICERS of the CITY OF LAWRENCE AS JOHN DOE, In their Individual and Official Capacities, and the CITY OF LAWRENCE, a municipal corporation

**Defendants**

CASE NO:

05    10136 RWZ

**COMPLAINT**
RECEIPT # 61624
AMOUNT $ 150 c.
SUMMONS ISSUED 2
LOCAL RULE 4.
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. K.S.
DATE 1/21/05

MAGISTRATE JUDGE JGD

## INTRODUCTION

1.  This is an action for money damages brought against Lawrence police officer Ricky Santiago, several unknown police officers of the City of Lawrence and the City of Lawrence, for violations of the Plaintiff's constitutional rights, along with state tort claims.

## JURISDICTION

2.  This action is brought pursuant to *42 U.S.C. §§ 1983* and *1988,* and the First, Fourth and Fourteenth Amendment to the United States Constitution.

3.  Federal question jurisdiction is provided under *28 U.S.C. §§ 1331* and *1343* and *28 U.S.C. § 1367* provides supplemental jurisdiction over the state law claims.

## PARTIES TO THIS ACTION

4.  Plaintiff, Heather Gauthier was at all times material to this complaint a resident of the Commonwealth of Massachusetts

5.  Defendant Ricky Santiago was at all times material to this complaint a duly appointed police officer of the City of Lawrence Police Department. His actions alleged in the complaint were taken under color of the laws of the Commonwealth of Massachusetts and the City of Lawrence. He is sued in his official and individual capacities.

6.  Defendants Unknown Officers of the City of Lawrence were at all times material to this complaint duly appointed police officer of the City of Lawrence Police Department. Their actions alleged in the complaint were taken under color of the laws of the Commonwealth of Massachusetts and the City of Lawrence. They are sued in their official and individual capacities.

7.   Defendant City of Lawrence is a municipal corporation located in Essex County, Commonwealth of Massachusetts, and was at all times relevant to the allegations of this complaint, the public employer of defendants Santiago as well as the other unknown defendants.

## FACTS CONCERNING THIS ACTION

8.   On or about July 16, 2003, the Plaintiff, Heather Gauthier, resided at 60 Kendall St., Lawrence, Massachusetts.

9.   The Plaintiff, Heather Gauthier, had a roommate at 60 Kendall St., Lawrence, Massachusetts, Danielle Beaulieu.

10.   Due to difficulties at the apartment, the Plaintiff, Heather Gauthier, was granted a restraining order from the Lawrence District Court on July 16, 2003.  (Restraining Order #0318RO00572 attached as Exhibit "A").

11.   Danielle Beaulieu also applied for a restraining order.

12.   Danielle Beaulieu was granted a restraining order (Restraining Order #0318RO0576 attached as Exhibit "B").

13.   The Plaintiff, Heather Gauthier, left the premises and pursuant to the court order was allowed to pick up her personal belongings in the company of the police.

14.   On July 17, 2003, the Plaintiff, Heather Gauthier, went to the City of Lawrence Police Department to make arrangements to pick up her personal belongings.

15.   The Plaintiff, Heather Gauthier, spoke with an unknown officer at the front desk and showed the restraining order to the officer.

16.   The unknown officer at the desk informed her to drive to the premises and wait for a police cruiser to arrive.

17.   The Plaintiff, Heather Gauthier, drove to 60 Kendall St. and waited as instructed.

18.   The Plaintiff, Heather Gauthier, waited for some length of time and became concerned that the police cruiser may not arrive.  The Plaintiff, Heather Gauthier, called the police station and was told to sit and wait for the police cruiser to arrive.

19.   The Plaintiff continued to wait in her car for the police cruiser to arrive.

20.   Eventually, the cruiser arrived and the plaintiff spoke to the Defendant City of Lawrence Police Officer Ricky Santiago.

21.   The Defendant, Police Officer Ricky Santiago, then went to the premises at 60 Kendall St. and spoke to the occupants.

22.   The Defendant, Police Officer Ricky Santiago, then returned to the plaintiff, Heather Gauthier's, car. The plaintiff was then arrested. The plaintiff, Heather Gauthier, was arrested despite her attempts to explain that she was there pursuant to the desk officer's instructions and a restraining order providing that she may return with the police to pick up her belongings.

23.   At the Lawrence Police Station, the plaintiff, Heather Gauthier, again attempted to explain her reason for being at 60 Kendall St. and the instructions to wait for the police. Despite these efforts, the plaintiff, Heather Gauthier, was taken into custody.

24.   The wrongful arrest was compounded by the plaintiff, Heather Gauthier, being sent to the court and charged with a crime.

25.   The charges against the plaintiff, Heather Gauthier, were baseless and ultimately dismissed. The Plaintiff had committed no criminal offense and there was no probable cause to arrest the Plaintiff.

26.   On or about July l9, 2003, the plaintiff, Heather Gauthier, returned to 60 Kendall St., to retrieve her personal possessions.

27.   While upon the premises, the plaintiff, Heather Gauthier, was subjected to further abuse and embarrassment by the police officer that was present at the home while the plaintiff attempted to collect her belongings.

28.   As a direct and proximate result of the defendants' actions, the plaintiff suffered the following damages:

   (a)   Wrongful arrest and false imprisonment;
   (b)   malicious prosecution;
   (c)   negligent and intentional infliction emotional distress; and
   (d)   loss of job, loss of wages and earning capacity.

## FEDERAL LAW CLAIMS

### COUNT I
### 42 U.S.C. Section l983 Claim Against Defendant
### Ricky Santiago

29.   The above paragraphs are incorporated by reference.

30.   The Defendant, Ricky Santiago, arrested and falsely imprisoned the plaintiff, Heather Gauthier, without probable cause and in derogation of an order from the court.

31.   By the actions described above, the defendant, Ricky Santiago, deprived the plaintiff of the established and well settled right to be free from unreasonable seizures.

32.   The defendant, Ricky Santiago's, actions were taken with reckless disregard for the

plaintiff's constitutional rights.

33. As a direct result of the defendant, Ricky Santiago's, actions, the plaintiff has suffered the injuries and damages as stated above.

## COUNT II
### 42 U.S.C. Section 1983 Supervisory Liability Against
### Unknown Defendants at Station

34. The above paragraphs are incorporated by reference.

35. When the plaintiff was brought to the station, the plaintiff attempted to explain that she had an order from the court allowing her to retrieve her personal belongings and had followed the instructions of the City of Lawrence Police Department.

36. The defendants, unknown police officer(s), failed to adequately supervise and/or intervene to prevent the arresting officer from making a false arrest and rather than release the plaintiff, encouraged and condoned the unconstitutional misconduct of the arresting officer, including but not limited to the unlawful arrest and imprisonment.

37. The defendants, unknown police officer(s), failure to adequately supervise and/or intervene to stop the arresting officer from making a false arrest and from wrongfully imprisoning the plaintiff and such conduct amounted to deliberate indifference to the plaintiff's constitutional rights.

38. As a direct and proximate result, the plaintiff suffered the injuries as described above.

## COUNT III
### 42 U.S.C. Section 1983 Monell Claim Against the City of Lawrence

39. The above paragraphs are incorporated by reference.

40. Prior to July 17, 2003, the defendant City of Lawrence developed, maintained or allowed to exist policies or customs exhibiting deliberate indifference to the constitutional rights of citizens of Lawrence which caused the violation of the constitutional rights of the plaintiff, Heather Gauthier.

41. It was the policy and/or custom of the City of Lawrence to inadequately and improperly investigate citizen's complaints of police misconduct and instead acts of misconduct were tolerated by the City of Lawrence.

42. It was the policy and/or custom of the City of Lawrence to inadequately supervise its officers, including the defendant, Ricky Santiago, the arresting officer and desk officer, thereby failing to adequately discourage further constitutional violations on the part of its

officers.

43.    As a result of the above described policies and/or practices, the police officer(s) in the
       City of Lawrence, including the unknown arresting officer and desk officer believed that
       their actions would not be investigated or sanctioned, but would be tolerated.

44.    As a result of the City of Lawrence's indifference to citizen's constitutional rights, the
       plaintiff's constitutional rights were violated as alleged herein.


## STATE LAW CLAIM

### COUNT IV
### False Imprisonment Unknown Officers and Defendant Ricky Santiago

45.    The above paragraphs are incorporated by reference.

46.    The arrest and subsequent confinement of the plaintiff, Heather Gauthier, was without
       probable cause or other justification.

47.    As a direct and proximate result, the plaintiff, Heather Gauthier, suffered the injuries as
       described above.


### COUNT V
### Malicious Prosecution as to Unknown Officers and Defendant Rick Santiago

48.    The above paragraphs are incorporated by reference.

49.    The criminal proceeding against the plaintiff in the Lawrence District Court, was initiated
       by either defendant Ricky Santiago and/or one or more of the unknown officers.

50.    Eventually, this criminal proceeding was dismissed by the Commonwealth and in the
       plaintiff's favor.

51.    As a direct and proximate cause of the defendant's conduct, the plaintiff suffered the
       injuries as described above.


### COUNT VI
### Negligence Against City of Lawrence

52.    The above paragraphs are incorporated by reference.

53.    On May 27, 2004, a notice pursuant to M.G.L. c.258, Section 4 was forwarded to the
       City of Lawrence (see attached Exhibit "C").

54.    The defendant, City of Lawrence did not respond to the notice.

55. The defendants, Ricky Santiago and unknown officers, were acting in their scope of employment at the times alleged in the plaintiff's complaint.

56. The defendants, Ricky Santiago and unknown officers, were negligent in:

    (a)    Investigating the scene at 60 Kendall St., Lawrence, MA;
    (b)    failing to properly read the restraining order;
    (c)    failing to communicate with each other;
    (d)    arresting the plaintiff.

57. Employees of the City of Lawrence were negligent in:

    (a)    Failing to train and supervise as to restraining orders and investigations;
    (b)    failing to discipline officers thereby allowing or encouraging further acts of misconduct;
    (c)    failing to train and supervise the institution of criminal proceedings.

58. As a direct and proximate result of the defendant employees' negligence, the plaintiff suffered the injuries and damages as described above.

**WHEREFORE**, the Plaintiff, Heather Gauthier, requests the following relief:

    (a)    Award compensatory damages;
    (b)    Award punitive damages;
    (c)    Award costs of this action;
    (d)    Award attorney's fees;
    (e)    Award other appropriate relief that the court deems prudent.

### PLAINTIFF CLAIMS TRIAL BY JURY.

Respectfully submitted,
PLAINTIFF, HEATHER GAUTHIER

By her attorney:

*Marc D. Padellaro*

Marc D. Padellaro - BBO #541847
**Monahan & Padellaro**
43 Thorndike St.
Cambridge, MA 02141
Tel: (617) 494-1188
Fax:(617)494-0433

Dated: January 6, 2005

C:\My Documents\Federal Answers\Heather Gauthier Complaint.wpd

**Page -6-**

# EXHIBIT A

| ABUSE PREVENTION ORDER<br>(G.L. c. 209A) Page 1 of 2 | DOCKET NO.<br>0318 RO 0572 | TR | COURT OF MASSACHUSETTS |
|---|---|---|---|

PLAINTIFF'S NAME
**Heather Gauthier**

NAME & ADDRESS OF COURT

Lawrence District Court
Fenton Judicial Center
2 Appleton Street
Lawrence, MA 01840-1525

**DEFT. INFO.**

Defendant's Name and Address
Danielle Beaulieu
60 Kendall St 1st Fl
Lawrence, MA

Date of Birth: 1/21/77

Mother's Maiden Name (First & Last)
X =

Father's Name (First & Last)
Edward Beaulieu

## VIOLATION OF THIS ORDER IS A CRIMINAL OFFENSE punishable by imprisonment or fine or both.

**A. THE COURT HAS ISSUED THE FOLLOWING ORDERS TO THE DEFENDANT:** (only those items checked shall apply)

☐ This Order was issued without advance notice because the Court determined that there is a substantial likelihood of immediate danger of abuse.

This Order was communicated by telephone from the Judge named below to
Police Dept. _____ Police Officer _____

1. **YOU ARE ORDERED NOT TO ABUSE THE PLAINTIFF** by harming, threatening or attempting to harm the Plaintiff physically or by placing the Plaintiff in fear of imminent serious physical harm, or by using force, threat or duress to make the Plaintiff engage in sexual relations unwillingly.

2. **YOU ARE ORDERED NOT TO CONTACT THE PLAINTIFF**, except as permitted in 8 below or for notification of court proceedings as permitted in this section, either in person, by telephone, in writing or otherwise, either directly or through someone else, and to stay at least **20** yards away from the Plaintiff even if the Plaintiff seems to allow or request contact. Notification of court proceedings is permissible only by mail, or by sheriff or other authorized officer when required by statute or rule.

3. **YOU ARE ORDERED TO IMMEDIATELY LEAVE AND STAY AWAY FROM THE PLAINTIFF'S RESIDENCE**, except as permitted in 8 below located at **60 Kendall St Lawrence, MA** or wherever else you may have reason to know the Plaintiff may reside. The Court also **ORDERS** you (a) to surrender any keys to that residence to the Plaintiff, (b) not to damage any belongings of the Plaintiff or any other occupant, (c) not to shut off or cause to be shut off any utilities or mail delivery to the Plaintiff, and (d) not to interfere in any way with the Plaintiff's right to possess that residence, except by appropriate legal proceedings.

   ☑ If this box is checked, the Court also **ORDERS** you to immediately leave and remain away from the entire apartment building or other multiple family dwelling in which the Plaintiff's residence is located.

4. **PLAINTIFF'S ADDRESS IMPOUNDED.** The Court **ORDERS** that the address of the Plaintiff's residence is to be impounded by the Clerk-Magistrate or Register of Probate so that it is not disclosed to you, your attorney or the public.

5. ☑ **YOU ARE ORDERED TO STAY AWAY FROM THE PLAINTIFF'S WORKPLACE** located at **New River  200 Brickstone Sq Andover**

6. **CUSTODY OF THE FOLLOWING CHILDREN IS AWARDED TO THE PLAINTIFF:**

| NAME | DOB | NAME | DOB | NAME | DOB |
|---|---|---|---|---|---|
| | | | | | |

7. ☑ **YOU ARE ORDERED NOT TO CONTACT THE CHILDREN LISTED ABOVE OR ANY CHILDREN IN THE PLAINTIFF'S CUSTODY LISTED BELOW**, either in person, by telephone, in writing or otherwise, either directly or through someone else, and to stay at least **20** yards away from them unless you receive written permission from the Court to do otherwise.

   ☑ You are also ordered to stay away from the following school, day care, other:

| NAME | DOB | NAME | DOB | NAME | DOB |
|---|---|---|---|---|---|
| Veronica Clancy | 8.19.90 | | | | |

8. **VISITATION WITH THE CHILDREN LISTED IN SECTION 6 IS PERMITTED ONLY AS FOLLOWS** (may be ordered by Probate and Family Court only):

   _____ at the following times _____

   ☐ Visitation is only allowed if supervised and in the presence of _____ to be paid for by _____ (third party), and not by you.

   ☐ Transportation of children to and from this visitation is to be done by _____

   ☐ You must contact the Plaintiff by telephone only to arrange this visitation.

9. **YOU ARE ORDERED TO PAY SUPPORT** for ☐ the Plaintiff and ☐ your child or children listed above, at the rate of $ _____ per ☐ week or per _____ beginning _____, 20___ ☐ directly to the Plaintiff ☐ through the Probation Office of this Court ☐ through the Massachusetts Department of Revenue ☐ by income assignment.

10. **YOU MAY PICK UP YOUR PERSONAL BELONGINGS** in the company of police at a time agreed by the Plaintiff.

11. **YOU ARE ORDERED TO COMPENSATE THE PLAINTIFF** for $_____ in losses suffered as a direct result of the abuse, to be paid in full on or before _____, 20___ ☐ directly to the Plaintiff ☐ through the Probation Office of this Court.

12. ☑ **THERE IS A SUBSTANTIAL LIKELIHOOD OF IMMEDIATE DANGER OF ABUSE. YOU ARE ORDERED TO IMMEDIATELY SURRENDER** to the **Lawrence, MA** Police Department all guns, ammunition, gun licenses and FID cards. Your license to carry a gun, if any, and your FID card, if any, are suspended immediately.
   ► You may ask the Court to change this Order by going to the Court and filing a petition. The Court will schedule a hearing on your petition.
   ► You must ask the Court to change this Order if you disagree with all other Orders in this case, whether or not you file a petition.
   ► You must immediately surrender the items listed above, and also comply with all other Orders in this case, whether or not you file a petition.
   ► If you need a firearm, rifle, shotgun, machine gun or ammunition for your job, you may ask for a hearing within two days.

13. ☑ **YOU ARE ALSO ORDERED**   *TO AVOID CONTACT AT C14BS*

The Plaintiff must appear at scheduled hearings, or this Order may be vacated. The Defendant may appear, with or without attorney, to oppose any extension or modification of this Order. If the Defendant does not appear, the Order may be extended or modified as determined by the Judge. For good cause, either the Plaintiff or the Defendant may request the Court to modify this Order before its scheduled expiration date.

FA-2 (9/95)

COURT COPY

| ABUSE PREVENTION OI   F<br>(G.L. c. 209A) Page 2 of 2 | DOCKE _ .<br>0318 RO 0572 | .R. . COURT OF MASSACHUSETTS |
|---|---|---|

4. Police reports are on file at the _____ _____ Police Department

15. OUTSTANDING WARRANTS FOR THE DEFENDANT'S ARREST:
_____ DOCKET #s. _____ _____ (PCF #

16. An imminent threat of bodily injury exists to the petitioner. Not is issued to _____ _____ .Police
Department(s) by :: telephone :: other _____ _____

**B. NOTICE TO LAW ENFORCEMENT.**
1. An appropriate law enforcement officer shall serve upon the Defendant in hand a copy of the Complaint and a certified copy of this
Order (and Summons), and make return of service to this Court. If this box is checked :: , service may instead be made by leaving such
copies at the Defendant's address shown on Page 1 but only if the officer is unable to deliver such copies in hand to the Defendant.
2. Defendant Information Form accompanies this Order.
3. Defendant has been served in hand by the Court's designee: Name _____ Date _____

| DATE OF ORDER | TIME OF ORDER | A.M. | EXPIRATION DATE OF ORDER | NEXT HEARING DATE: 7-30-03 |
|---|---|---|---|---|
| 7-16-03 | 12:35 | P.M. | 7-30-03 at 4 P.M. | at 9 __ A.M __ P.M. in Courtroom 1 |

The above and any subsequent Orders expire on the expiration dates indicated. Hearings
on whether to continue and/or modify Orders will be held on dates and times indicated.

SIGNATURE/NAME OF JUDGE   S O'Neil

**X C. PRIOR COURT ORDER EXTENDED.**
After a hearing at which the Defendant X appeared :: did not appear, the Court has ORDERED that the prior Order
dated 7-16- , 2003 shall continue in effect until the next expiration date below X without ~~modification~~
X with the following modification(s):

Prayer #3 IS VACATED

:: Return of items ordered surrendered or suspended in A.12. on Page 1 presents a likelihood of abuse to the Plaintiff.

| DATE OF ORDER | TIME OF ORDER | A.M. | EXPIRATION DATE OF ORDER | NEXT HEARING DATE: 7-16-04 |
|---|---|---|---|---|
| 7-16-03 | 4:30 | X P.M. | 7-16-04 at 4 P.M. | at 9 X A.M. __ P.M. in Courtroom 1 |

SIGNATURE/NAME OF JUDGE   Michael T. Stella

**:: D. FURTHER EXTENSION.**
After a hearing at which the Defendant :: appeared :: did not appear, the Court has ORDERED that the prior Order
dated _____ , 20____ shall continue in effect until the next expiration date below :: without modification
:: with the following modification(s):
_____
_____
:: Return of items ordered surrendered or suspended in A.12. on Page 1 presents a likelihood of abuse to the Plaintiff.

| DATE OF ORDER | TIME OF ORDER | A.M. | EXPIRATION DATE OF ORDER | NEXT HEARING DATE: |
|---|---|---|---|---|
| | | P.M. | at 4 P.M. | at _____ A.M. :: P.M. in Courtroom |

SIGNATURE/NAME OF JUDGE

**:: E. PRIOR COURT ORDER MODIFIED.**
Upon motion by the :: Plaintiff :: Defendant and after a hearing at which the Plaintiff :: appeared :: did not appear
and the Defendant :: appeared :: did not appear, the Court has ORDERED that the prior Order dated _____ , 20____
shall be modified as indicated below:
_____
_____
:: Return of items ordered surrendered or suspended in A.12. on Page 1 presents a likelihood of abuse to the Plaintiff.

| DATE OF ORDER | TIME OF ORDER | A.M. | EXPIRATION DATE OF ORDER | NEXT HEARING DATE |
|---|---|---|---|---|
| | | P.M. | at 4 .. | at _____ A.M. __ P.M. in Courtroom |

SIGNATURE/NAME OF JUDGE

**:: F. PRIOR COURT ORDER VACATED.**
This Court's prior Order is vacated. Law enforcement agencies shall destroy all records of such Order.
:: VACATED AT PLAINTIFF'S REQUEST.

| SIGNATURE/NAME OF JUDGE | DATE OF ORDER | TIME OF ORDER | A.M |
|---|---|---|---|
| | | | P |

| WITNESS FIRST OR CHIEF JUSTICE | A true copy, attest (Asst.) Clerk Magistrate (Asst. Register of Probation or<br>may request |
|---|---|
| Michael T. Stella, Jr. | |

FA 24 (3/95)

RT COPY

# EXHIBIT B

| ABUSE PREVENTION ORD | DOCKET N° | AL COURT OF MASSACHUSETTS |
| (G.L. c. 209A) Page 1 of | 0318 RO 0576 | |

| | | | Heather Gauthier | | |
| Danielle_Beaulieu | D E F T. | | 60 Kendall St | 10/13/72 | Methuen, MA |
| | | | Lawrence, MA | | |

**Lawrence District Court**
**Fenton Judicial Center**
**2 Appleton Street**
**Lawrence, MA 01840-1525**

| | I N F O. | Sex | M | Mother's Maid. me (First & Last | |
| | | X | | Elizabeth Gauthier | |
| | | | | & Last | |

## VIOLATION OF THIS ORDER IS A CRIMINAL OFFENSE punishable by imprisonment or fine or both

**A. THE COURT HAS ISSUED THE FOLLOWING ORDERS TO THE DEFENDANT:**

☒ 1. YOU ARE ORDERED NOT TO ABUSE THE PLAINTIFF

☒ 2. YOU ARE ORDERED NOT TO CONTACT THE PLAINTIFF

☒ 3. YOU ARE ORDERED TO IMMEDIATELY LEAVE AND STAY AWAY FROM THE PLAINTIFF'S RESIDENCE, located at **60 Kendall St Lawrence, MA**

☒ 4. PLAINTIFF'S ADDRESS IMPOUNDED.

☒ 5. YOU ARE ORDERED TO STAY AWAY FROM THE PLAINTIFF'S WORKPLACE located at **Wyeth Biopharma 1 Burtt Rd Andover,**

6. CUSTODY OF THE FOLLOWING CHILDREN IS AWARDED TO THE PLAINTIFF:

| N A M E | | N A M E | | | N A M E | |
| | | | | | | |
| | | | | | | |

7. YOU ARE ORDERED NOT TO CONTACT THE CHILDREN LISTED ABOVE OR ANY CHILDREN IN THE PLAINTIFF'S CUSTODY LISTED BELOW

| N A M E | | | | | | |
| | | | | | | |

8. VISITATION WITH THE CHILDREN LISTED IN SECTION 6 IS PERMITTED ONLY AS FOLLOWS (may be ordered by Probate and Family Court only)

9. YOU ARE ORDERED TO PAY SUPPORT

☒ 10. YOU MAY PICK UP YOUR PERSONAL BELONGINGS

YOU ARE ORDERED TO COMPENSATE THE PLAINTIFF for $

☒ 12. THERE IS A SUBSTANTIAL LIKELIHOOD OF IMMEDIATE DANGER OF ABUSE. YOU ARE ORDERED TO IMMEDIATELY SURRENDER

**Lawrence, MA**

☒ 13. YOU ARE ALSO ORDERED

| ABUSE PREVENTION ORD... (G.L. c. 209A) Page 2 of 2 | DOC... 0318 RO 0576 | TRIAL COURT OF MASSACHUSETTS |

14. Police reports are on file at ... ...ice Department

15. OUTSTANDING WARRANTS FOR THE DEFENDANT'S ARRE...
................................... (DOC... #s) ........................... (PCF #:
................................... Police

16. An imminent threat of bodily injury exists to the petitioner. Notice ...ued to ...................
Department is by ... telephone ... other ...

## B. NOTICE TO LAW ENFORCEMENT.

1. An appropriate law enforcement officer shall serve upon the Defendant in hand a copy of the Complaint and a certified copy of this Order and Summons, and make return of service to this Court. If this box is checked ... service may instead be made by leaving su... copies at the Defendant's address shown on Page 1 but only if the officer is unable to deliver such copies in hand to the Defendant.
2. Defendant Information Form accompanies this Order
3. Defendant has been served in hand by the Court's designee: Name ......................................... Date ............

| DATE OF ORDER | TIME OF ORDER | A.M. | EXPIRATION DATE OF ORDER | NEXT HEARING DATE 7-16-07 |
| 2-16-03 | 4 ?? | X PM | 7-16-01/8 | at 7 X A.M. P.M. in Courtroom 1 |

The above and any subsequent Orders expire on the expiration dates indicated. Hea... on whether to continue and or modify Orders will be held on dates and times indicate

SIGNATURE NAME OF JUDGE
Michael T. Stell

## C. PRIOR COURT ORDER EXTENDED.

After a hearing at which the Defendant ... appeared ... did not appear, the Court has ORDERED that the prior Order dated ..................... 20 .... shall continue in effect until the next expiration date below ... without modification ... with the following modification(s):

.............................................................................................................................

... Return of items ordered surrendered or suspended in A.12 ... Page 1 presents a likelihood of abuse to the Plaintiff

| DATE OF ORDER | TIME OF ORDER | A.M. | EXPIRATION DATE OF ORDER | NEXT HEARING DATE |
| | | P.M. | | P.M. at ......... A.M. P.M. in Courtroom .... |

SIGNATURE NAME OF JUDGE

## D. FURTHER EXTENSION.

After a hearing at which the Defendant ... appeared ... did not appear, the Court has ORDERED that the prior Order dated .................... 20 ... shall continue in effect until the next expiration date below ... without modification ... with the following modification(s):

.............................................................................................................................

... Return of items ordered surrendered or suspended in A.12, or Page 1 presents a likelihood of abuse to the Plaintiff.

| DATE OF ORDER | TIME OF ORDER | A.M. | EXPIRATION DATE OF ORDER | NEXT HEARING DATE |
| | | P.M. | | at 4 ... A.M. P.M. in Courtroom .... |

SIGNATURE NAME OF JUDGE

## E. PRIOR COURT ORDER MODIFIED.

Upon motion by the ... Plaintiff ... Defendant and after a hearing ... which the Plaintiff ... appeared ... did not appear and the Defendant ... appeared ... did not appear, this Court has ORDERED that the prior Order dated ............... 20 .... shall be modified as indicated below:

.............................................................................................................................

... Return of items ordered surrendered or suspended in A.12, or Page 1 presents a likelihood of abuse to the Plaintiff.

| DATE OF ORDER | TIME OF ORDER | A.M. | EXPIRATION DATE OF ORDER | NEXT HEARING DATE |
| | | P.M. | | at 4 P.M. at ......... A.M. P.M. in Courtroom .... |

SIGNATURE NAME OF JUDGE

## F. PRIOR COURT ORDER VACATED.

This Court's prior Order is vacated. Law enforcement agencies shall destroy all records of such Order.
... VACATED AT PLAINTIFF'S REQUEST.

| SIGNATURE NAME OF JUDGE | DATE OF ORDER | TIME OF ORDER | A.M. P.M. |

| WITNESS, FIRST OR ... JUSTICE | copy, attest (A) Clerk ... of P... obate |
| Michael T. Stella, Jr. | |

# EXHIBIT C

Law Offices of
## MONAHAN & PADELLARO
ATTORNEYS-AT-LAW
BULFINCH SQUARE
43 THORNDIKE STREET
CAMBRIDGE, MASSACHUSETTS 02141-1714

TEL (617) 494-1188
FAX (617) 494-0433

E-MAIL
mplaw@bellatlantic.net

JOSEPH W. MONAHAN, III
MARC D. PADELLARO
M. JANE WALSH
THOMAS J. FREDA
CHRISTIAN A. PAHL

May 27, 2004

**CERTIFIED MAIL,**
**RETURN RECEIPT REQUESTED.**

Clerk, James McGravey
Lawrence City Hall
200 Common St.
Lawrence, MA 01840

Treasurer, Patricia Cook
Lawrence City Hall
200 Common St.
Lawrence, MA 01840

City Council
Lawrence City Hall
200 Common St.
Lawrence, MA 01840

The Honorable Michael J. Sullivan
Mayor of the City of Lawrence
200 Common St.
Lawrence, MA 01840

Re:    Heather Gauthier
       22 Adelaide Ave., Methuen, MA

Dear Clerk McGravey, Treasurer Cook, City Council and Mayor Sullivan:

Please be advised that I represent Heather Gauthier who resides at 22 Adelaide Ave., Methuen, MA, for her illegal arrest on July 17, 2003. The department then maliciously prosecuted Heather Gauthier without probable cause, right or justification in fact, in direct contravention of a court order. Pursuant to the provisions of M.G.L. c.258, Sec. 4, I charge you and the police chief with negligent supervision, training and discipline of officers. Further, individual officers whose names are unknown at this time are charged with negligence.

Clerk, James McGravey
Treasurer, Patricia Cook
City Council
Mayor Sullivan
May 27, 2004
PAGE TWO

In support of these contentions, the plaintiff states as follows:

On July 16, 2003, the plaintiff, Heather Gather, sought a restraining order at the Lowell District Court and obtained a restraining order from the court. The restraining order is #0318 RO 00572, a copy of which is attached. The defendant in the restraining order is Danielle Beaulieu of 60 Kendall St., Lawrence, MA. Ms. Beaulieu and Ms. Gauthier were roommates. For her part, Ms. Beaulieu applied for a restraining order naming Gauthier as the defendant. The court granted Ms. Beaulieu's restraining order on July 16, 2003. Ms. Beaulieu was allowed to stay at the apartment as part of the court order. Docket No. 0318RO0576. As to Ms. Gauthier, the court ordered as follows:

☐ You may pick up your personal belongings in the company of police
· at a time agreed by the plaintiff.

The day concluded on the 16th that the parties were separated and Heather Gauthier was allowed to return to the premises to obtain her personal belongings in accordance with the court order.

On July 17, 2003, Heather Gauthier went to the Lawrence Police Department to make arrangements to pick up her belongings pursuant to the court order. She arrived at the station and spoke to the officer on duty at the station. She reported the events and showed the restraining order to the officer. The officer informed her to drive to the premises and wait for a police cruiser to arrive.

Following the desk officer's instruction and the court order Heather Gauthier traveled to 60 Kendall St. She waited in the car for a cruiser to arrive. Sometime passed and Heather Gauthier became concerned that a cruiser was not going to arrive so she called the station. The call was received and she was told to sit and wait for the cruiser that it would be coming to the premises.

The cruiser did arrive and she spoke to the officer. The officer then went to the home and spoke to the occupants. After that discussion the officer returned to my client's car and arrested her. This occurred despite my client's attempts to explain why she was there and asking the officer what he was doing. Despite her efforts the officer took her into custody. She faired no better at the station. Despite the fact that the desk officer sent her to the premises and she had a restraining order to pick up her belongings she was jailed. Again, her explanations and pleas went unheard.

Clerk, James McGravey
Treasurer, Patricia Cook
City Council
Mayor Sullivan
May 27, 2004
PAGE THREE

The errors in judgment and violation of her rights continued as she was taken to court and charged with a crime. Ultimately, the charge was dismissed.

My client did return to the premises pursuant to the order with a police officer on or about the 19th. Even then the officer was difficult stating to my client to shut up I don't want to hear it you are lucky I am letting you on the premises. Given the court order the officer's comment is baseless and demeaning.

Because of the arrest, Ms. Gauthier suffered emotional distress and humiliation. Her employer fired her due to an unexcused absence.

The training and conduct of the department are negligent. The department and officer violated her civil rights by arresting Heather Gauthier and prosecuting Heather Gauthier without probable cause.

In sum, the actions and inactions of the City of Lawrence, as well as the actions of the Lawrence Officers were the proximate cause of Ms. Gauthier's losses and mental injuries. Ms. Gauthier is seeking appropriate compensation from the City of Lawrence.

If, in the course of your investigation, you determine that individuals other than public employees – or governmental entities other than the City of Lawrence -- have caused or contributed to Ms. Gauthier's injuries, I would appreciate it if you would so advise me, and provide the identity of such individuals or entities.

Please be advised that Ms. Gauthier is prepared to litigate this matter if she is not offered a sufficient settlement. Be further advised that Ms. Gauthier will very shortly file federal claims against the City of Lawrence pursuant to 42 USC, Section 1983, which provides for compensatory and punitive damages, as well as attorney's fees.

Please advise me as early as possible of the compensation that the City is going to offer to Ms. Gauthier.

Very truly yours,

Marc D. Padellaro

MDP:sc
Enclosure

℀JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Heather Gauthier

**(b)** County of Residence of First Listed Plaintiff     Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Marc D. Padellaro, Monahan & Padellaro
43 Thorndike Street, Cambridge, MA 02141 (617)494-1188

## DEFENDANTS

Ricky Santiago, Unknown Police Officers and the City of Lawrence

IN CLERKS OFFICE

2005 JAN 21 P 1:13

U.S. DISTRICT COURT
DISTRICT OF MASS

County of Residence of First Listed Defendant     Essex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

05 CV 10136 RWZ

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC Sec. 1983

Brief description of cause:
Wrongful Arrest, false imprisonment and malicious prosecution

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE  Printing Contracting     DOCKET NUMBER

DATE
01/14/2005

SIGNATURE OF ATTORNEY OF RECORD
*Marc D. Padellaro*

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)    Heather Gauthier, Plaintiff

    Vs.    Ricky Santiago, et al

FILED
IN CLERKS OFFICE

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local
    rule 40.1(a)(1)).

2005 JAN 21 P 12: 13

U.S. DISTRICT COURT
DISTRICT OF MASS

    ___    I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_    II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
                 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases

    ___    III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                 380, 385, 450, 891.

05 CV 10136 RWZ

    ___    IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                 690, 810, 861-865, 870, 871, 875, 900.

    ___    V.    150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this
    district please indicate the title and number of the first filed case in this court.

    None

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                    YES ☐        NO ☒

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?    (See 28
    USC §2403)

                                                    YES ☐        NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                    YES ☐        NO ☐

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                    YES ☐        NO ☒

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                    YES ☒        NO ☐

    A.    If yes, in which division do all of the non-governmental parties reside?

          Eastern Division ☒         Central Division ☐         Western Division ☐

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
          agencies, residing in Massachusetts reside?

          Eastern Division ☐         Central Division ☐         Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes,
    submit a separate sheet identifying the motions)

                                                    YES ☐        NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME    Marc D. Padellaro

ADDRESS   Monahan & Padellaro, 43 Thorndike Street, Cambridge, MA 02141

TELEPHONE NO.   (617) 494-1188

(Federal CategoryForm.wpd - 10/17/02)