UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HEATHER GAUTHIER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 05-10136-RWZ |
| | ) | |
| RICKY SANTIAGO, ET AL., | ) | |
| Defendants. | ) | |

## MOTION OF THE DEFENDANT, RICKY SANTIAGO, TO FILE ANSWER LATE

Now comes the Defendant, Ricky Santiago (hereinafter, "the Defendant"), through counsel, and requests that this Honorable Court allow him to file his Answer in connection to Heather Gauthier's (hereinafter, "the Plaintiff") cause of action on or before May 19, 2005. As grounds for the instant Motion, the Defendant states as follows:

1. The Plaintiff filed the instant complaint on or slightly after January 6, 2005.

2. Service was affected on March 30, 2005.

3. Pursuant to the Federal Rules of Civil Procedure, the Defendant had twenty (20) days, or until April 19, 2005, in which to Answer the complaint.

4. Upon receipt of the complaint and summons, Officer Santiago sent the documents to his union, the Lawrence Patrolman's Association, for review.

5. The President of the Lawrence Patrolmen's Association, Officer Alan Andrews, sent the documents to the undersigned Union counsel's law firm.

6. Since Officer Potter is an employee of the City of Lawrence and since the City arguably had an obligation to provide representation to Officer Potter in this matter, a letter was sent by Union counsel to the City inquiring as to whether or not the City would be representing Officer Potter or if it wished to have Union counsel do so.

7. The undersigned recently received confirmation and approval from the City for this law firm to represent Officer Santiago in this matter.

8.      Due to the circuitous route by which the undersigned counsel ultimately became counsel of record, he was unable to file the Defendant's Answer within the time period allotted under the Rules of Civil Procedure and respectfully requests that he be permitted to file the Answer late.

9.      The undersigned contacted Plaintiff's counsel, Marc D. Padellaro, Esquire, to request an extension of time but was informed that Attorney Padellaro would not be in the office until Monday, April 25, 2005.

9.      The allowance of the instant Motion will not prejudice Plaintiff in any way and will not substantially delay the disposition of this matter.

WHEREFORE, the Defendant respectfully requests that the Court grant the Defendant's Motion.

Respectfully submitted,
For the Defendant,
**Ricky Santiago,**
By his attorney,


Brian M. Maser (BBO# 655667)
Dwyer, Duddy and Facklam
Attorneys At Law, P.C.
One Center Plaza, Suite 360
Boston, MA 02108
(617) 723-9777

Dated: April 19, 2005
f:\lpa\santiago\pldgs\mot.file.answer.late.doc

## CERTIFICATE OF SERVICE

I, Brian M. Maser, Esquire, hereby certify that I have served a true and accurate copy of the foregoing document upon Marc D. Padellaro, Esquire, Monahan & Padellaro, 43 Thorndike Street, Cambridge, MA 02141, and Charles Boddy, City Solicitor, Lawrence City Hall, Room 306, 200 Common Street, Lawrence, MA 01840.


Brian M. Maser

2