UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEATHER GAUTHIER,<br>Plaintiff<br><br>v.<br><br>RICKY SANTIAGO, a CITY OF<br>LAWRENCE POLICE OFFICER, in<br>His Individual and Official Capacities,<br>SEVERAL OTHER UNKNOWN<br>OFFICERS OF THE CITY OF<br>LAWRENCE AS JOHN DOE, In their<br>Individual and Official Capacities, and<br>the CITY OF LAWRENCE, a<br>municipal corporation<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-CV-10136 RWZ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER OF THE DEFENDANT, CITY OF LAWRENCE

Now comes the Defendant, City of Lawrence, and answers the Complaint of the Plaintiff, Heather Gauthier, as follows:

### INTRODUCTION

1. The Defendant, City of Lawrence, says that paragraph 1 of the Complaint contain statements to which no response is required. Any allegations of fact, to the extent that any may be stated, are denied.

## JURISDICTION

2.   The Defendant, City of Lawrence, says that paragraph 2 of the Complaint contain only statements to which no response is required. Any allegations of fact, to the extent that any may be stated, are denied.

3.   The Defendant, City of Lawrence, says that paragraph 3 of the Complaint contain only statements to which no response is required. Any allegations of fact, to the extent that any may be stated, are denied.

## PARTIES TO THIS ACTION

4.   The Defendant, City of Lawrence, is without sufficient information to either admit or deny the allegations contained within paragraph 4 of the Complaint.

5.   Admitted, insofar as the Defendant, Ricky Santiago, was a police officer of the City of Lawrence at all times material to the Complaint; denied as to the remaining allegations of fact.

6.   The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 6 of the Complaint. Any allegations of fact, to the extent that any may be stated, are denied.

7.    Admitted, insofar as the City of Lawrence is a municipal corporation which at all times relevant to the Complaint was the public employer of the Defendant Santiago; denied as to the remaining allegations of fact.

## FACTS CONCERNING THIS ACTION

8.    The Defendant, City of Lawrence, can neither admit nor deny the allegation contained in Paragraph 8 of the Complaint but calls upon the Plaintiff to prove the same.

9.    The Defendant, City of Lawrence, can neither admit nor deny the allegation contained in Paragraph 9 of the Complaint but calls upon the Plaintiff to prove the same.

10.    The Defendant, City of Lawrence, can neither admit nor deny the allegation contained in Paragraph 10 of the Complaint but calls upon the Plaintiff to prove the same.

11.    The Defendant, City of Lawrence, can neither admit nor deny the allegation contained in Paragraph 11 of the Complaint but calls upon the Plaintiff to prove the same.

12.    The Defendant, City of Lawrence, can neither admit nor deny the allegation contained in Paragraph 12 of the Complaint but calls upon the Plaintiff to prove the same.

13. The Defendant, City of Lawrence, can neither admit nor deny the allegation contained in Paragraph 13 of the Complaint but calls upon the Plaintiff to prove the same.

14. The Defendant, City of Lawrence, can neither admit nor deny the allegation contained in Paragraph 14 of the Complaint but calls upon the Plaintiff to prove the same.

15. The Defendant, City of Lawrence, can neither admit nor deny the allegation contained in Paragraph 15 of the Complaint but calls upon the Plaintiff to prove the same.

16. The Defendant, City of Lawrence, can neither admit nor deny the allegation contained in Paragraph 17 of the Complaint but calls upon the Plaintiff to prove the same.

17. The Defendant, City of Lawrence, can neither admit nor deny the allegation contained in Paragraph 17 of the Complaint but calls upon the Plaintiff to prove the same.

18. The Defendant, City of Lawrence, can neither admit nor deny the allegation contained in Paragraph 18 of the Complaint but calls upon the Plaintiff to prove the same.

19. The Defendant, City of Lawrence, can neither admit nor deny the allegation contained in Paragraph 19 of the Complaint but calls upon the Plaintiff to prove the same.

20. The Defendant, City of Lawrence, can neither admit nor deny the allegation contained in Paragraph 20 of the Complaint but calls upon the Plaintiff to prove the same.

21. The Defendant, City of Lawrence, can neither admit nor deny the allegation contained in Paragraph 21 of the Complaint but calls upon the Plaintiff to prove the same.

22. The Defendant, City of Lawrence, denies the allegations contained in Paragraph 22 of the Complaint but calls upon the Plaintiff to prove the same.

23. The Defendant, City of Lawrence, denies the allegations contained in Paragraph 23 of the Complaint but calls upon the Plaintiff to prove the same.

24. The Defendant, City of Lawrence, denies the allegations contained in Paragraph 24 of the Complaint but calls upon the Plaintiff to prove the same.

25. The Defendant, City of Lawrence, denies the allegations contained in Paragraph 25 of the Complaint but calls upon the Plaintiff to prove the same.

26. The Defendant, City of Lawrence, can neither admit nor deny the allegation contained in Paragraph 26 of the Complaint but calls upon the Plaintiff to prove the same.

27. The Defendant, City of Lawrence, denies the allegations contained in Paragraph 27 of the Complaint but calls upon the Plaintiff to prove the same.

28. The Defendant, City of Lawrence, denies the allegations contained in Paragraph 28 of the Complaint.

## FEDERAL LAW CLAIMS

### COUNT I

#### 42 U.S.C. Section 1983 Claim Against Defendant, Ricky Santiago

29. The Defendant, City of Lawrence, incorporates by reference its responses to paragraphs 1 through 29 as if fully stated herein.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

### COUNT II

#### 42 U.S.C. Section 1983 Supervisory Liability Against Unknown Defendants at Station

34. The Defendant, City of Lawrence, incorporates by reference its responses to paragraphs 1 through 33 as if fully stated herein.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

## COUNT III
### 42 U.S.C. Section 1983 Monell Claim Against the City of Lawrence

39. The Defendant, City of Lawrence, incorporates by reference its responses to paragraphs 1 through 38 as if fully stated herein.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## STATE LAW CLAIM

### COUNT IV
### False Imprisonment Unknown Officers and Defendant Ricky Santiago

45. The Defendant, City of Lawrence, incorporates by reference its responses to paragraphs 1 through 44 as if fully stated herein.

46. Denied.

47. Denied.

## COUNT V
**Malicious Prosecution as to Unknown Officers and Defendant Rick Santiago**

48.  The Defendant, City of Lawrence, incorporates by reference its responses to paragraphs 1 through 48 as if fully stated herein.

49.  Denied.

50.  Denied.

51.  Denied.

## COUNT VI
**Negligence Against City of Lawrence**

52.  The Defendant, City of Lawrence, incorporates by reference its responses to paragraphs 1 through 51 as if fully stated herein.

53.  Denied.

54.  The Defendant, City of Lawrence, neither admits nor denies the allegation contained in Paragraph 54 of the Complaint but calls upon the Plaintiff to prove the same.

55.  The Defendant, City of Lawrence, neither admits nor denies the allegation contained in Paragraph 55 of the Complaint but calls upon the Plaintiff to prove the same.

56.  Denied.

57. Denied.

58. Denied.

WHEREFORE, the Defendant City of Lawrence requests that this Court dismiss this action, with costs to the Defendant.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Defendant, City of Lawrence, says that if it was negligent, which it denies, it is not liable to the Plaintiff because it did not owe the Plaintiff a special duty of care different from the duty of care owed the general populace.

### SECOND DEFENSE

The Defendant, City of Lawrence, is immune from liability for intentional torts as provided in General Laws chapter 258, section 10.

### THIRD DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

The Defendant, City of Lawrence, says that the claim alleged is based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the city of Lawrence or its servants, agents, employees, and officials, acting within the scope of their office of employment

and therefore, this action is barred in accordance with the provisions of General Laws, chapter 258, section 10(b).

### FIFTH DEFENSE

The Defendant, City of Lawrence, says that the Plaintiff failed to file a claim in writing with its Mayor within the time prescribed by General Laws, chapter 258, section 4, which is a condition precedent to maintaining this action.

### SIXTH DEFENSE

The Defendant, City of Lawrence, says that the Plaintiff was rightly detained and that the detention was for a reasonable period of time.

### SEVENTH DEFENSE

The Defendant, City of Lawrence, says that any force used to detain the Plaintiff was reasonable under the circumstances.

### EIGHTH DEFENSE

Any damages incurred by the Plaintiff as alleged in the Complaint were the results of her own intentional and illegal conduct and she is, therefore barred from recovery.

### NINTH DEFENSE

The Plaintiff's Complaint against the Defendant, City of Lawrence, is frivolous, without any basis in fact and not advanced in good faith and therefore,

the Defendant, City of Lawrence is entitled to attorney's fees, costs and any other sanctions that the Court deems appropriate under the terms and provisions of 42 U.S.C., section 1983.

### TENTH DEFENSE

The Defendant, City of Lawrence, says that its employee's conduct and actions were performed according to an protected by law and/or legal process and therefore the Plaintiff cannot recover.

### ELEVENTH DEFENSE

The Defendant, City of Lawrence, says that its employee(s) were privileged in theri conduct and that therefore the Plaintiff cannot recover.

### TWELFTH DEFENSE

The Defendant, City of Lawrence, says that its employee(s) were justified in theri conduct and acts and is therefore not liable to the Plaintiff as alleged in the Complaint.

### THIRTEENTH DEFENSE

The Defendant, City of Lawrence, says that, if the Plaintiff suffered injuries in damages as alleged, such injuries or damages were caused by someone for whose conduct the Defendants is not legally responsible.

### FOURTEENTH DEFENSE

The Complaint fails to establish that the enjoyment of rights secured by the Constitution, Laws of the United States or the Commonwealth of Massachusetts was interfered with by the Defendants.

### FIFTEENTH DEFENSE

At the time of the alleged incident, the Plaintiff was not in the exercise of due care and, as a consequence thereof, this action is barred in whole or in part.

### SIXTEENTH DEFENSE

The Defendant states that the injuries alleged by the Plaintiff were or are the consequence of conditions or conduct for which the Defendant is not answerable in damages.

**THE DEFENDANT, CITY OF LAWRENCE CLAIMS TRIAL BY JURY ON THE ISSUES SO TRIABLE.**

Respectfully submitted,
City of Lawrence
By its Attorney

James M. Bowers, Esq.
Assistant City Attorney
BBO NO. 558759
Room 306 - City Hall
200 Common Street
Lawrence, MA 01840
(978) 794-5800

Dated: June 22, 2005

## CERTIFICATE OF SERVICE

I, James M. Bowers, hereby certify that I have served a copy of the within **Answer of the Defendant, City of Lawrence,** by mailing postage pre-paid, to:

>Marc D. Padellaro, Esq.
>Monahan & Padellaro
>43 Thorndike Street
>Cambridge, MA 02141

Signed under the pains and penalties of perjury this 22nd day of June, 2005.

_____
James M. Bowers, Esq.